# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          JS - 6

| Case No. | CV 12-4678 PSG (JCx) | Date | June 1, 2012 |
|---|---|---|---|
| Title | Socal Fund 1, LLC v. Maria Jimenez-Ortiz | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):        Attorneys Present for Defendant(s):

Not Present              Not Present

**Proceedings:**   (In Chambers) Order REMANDING Case to State Court

On May 29, 2012, Defendant Maria Jimenez-Ortiz ("Defendant") filed a notice of removal of a civil action for unlawful detainer brought by Plaintiff Socal Fund 1, LLC ("Plaintiff"). *See* Dkt # 1. After reviewing Defendant's notice of removal and the underlying Complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction).

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 546, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567.

The well-pleaded complaint rule requires a federal question be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. § 1331 to exist. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, the Complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law, and does not present a federal question.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS - 6

| Case No. | CV 12-4678 PSG (JCx) | Date | June 1, 2012 |
|---|---|---|---|
| Title | Socal Fund 1, LLC v. Maria Jimenez-Ortiz | | |

  Defendant's notice of removal argues various violations of the Constitution and the Declaration of Independence.  The Court first notes that the Declaration of Independence does not provide a private right of action.  Second, under the well-pleaded complaint rule, a defendant's federal claims or defenses may not serve as a basis for removal.  *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Recreation Programs*, 2008 U.S. Dist. LEXIS 36074, at *3-4 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removeability of a case.").  Therefore, Defendant's constitutional claims do not confer jurisdiction in this matter.

  Defendant also argues that removal is proper under 28 U.S.C. § 1443.  *See Not.* 6:8-7:28.  To establish removal under this statute, a defendant's notice of removal must (1) assert a right under a federal law protecting civil rights stated in terms of racial equality and (2) identify a state statute or constitutional provision that purports to command the state courts to ignore the enforcement of the specified federal right in state courts.  *See City of Greenwood v. Peacock*, 384 U.S. 808, 824-28 (1966).  Defendant has made no such showing.

  Defendant also invokes diversity jurisdiction.  *Not.* 2:4-5.  For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met.  *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a).  Here, Defendant's notice of removal fails to establish the citizenship of any party.  As for the amount in controversy, the Complaint states the amount demanded does not exceed $10,000.  *Compl.* at 1:16-17.  This is far below the statutory requirement that the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a).  Moreover, the Complaint only seeks damages in the amount of $66.67 per day since April 3, 2012.  *Compl.* ¶ 13.  As of today, these damages would equal less than $4,000.  Therefore, even with costs of suit, the amount in controversy requirement cannot be met.

  For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction and REMANDS the case.

  **IT IS SO ORDERED.**